UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Lidija Ujkic p/k/a Lidia Curanaj,

Plaintiff,

–v–

Twenty-First Century Fox, Inc., *et al.*,

Defendants.

16-CV-9608 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

　　Plaintiff Lidija Ujkic, known professionally as Lidia Curanaj (hereafter, "Plaintiff" or "Curanaj"), is a Freelance Reporter for Fox5, the local New York affiliate of the Fox Television Network. Curanaj brings this suit against Defendants Twenty-First Century Fox, Inc., Fox Entertainment Group LLC, Fox Television Stations, LLC, and Byron Harmon, alleging employment discrimination based on ethnicity, age, gender, pregnancy, and disability in violation of 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law, as well as retaliation under § 1981, Title VII, and the Americans with Disabilities Act.

　　Defendants Twenty-First Century Fox, Inc. and Fox Entertainment Group LLC (collectively, the "Parent Companies") move to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), and all Defendants move to strike certain portions of the Amended Complaint pursuant to Rule 12(f).

　　For the following reasons, the Court DENIES the Parent Companies' motion to dismiss but GRANTS their request to convert the motion into one for partial summary judgment. The Defendants' motion to strike is DENIED without prejudice to re-filing following the Court's disposition of the summary judgment motion.

1

## I. BACKGROUND

Plaintiff filed the operative amended complaint on April 10, 2017. *See* Amended Complaint ("Am. Compl."), Dkt. No. 41. On May 15, 2017, The Parent Companies moved to dismiss the Amended Complaint and to strike certain allegations. *See* Dkt. Nos. 46-48.

The Court briefly summarizes the factual allegations solely for the purposes of the present motions, accepting all allegations in the complaint as true and drawing all inferences in the Plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Twenty-First Century Fox, Inc. is the parent company of wholly-owned subsidiary Fox Entertainment Group, LLC, which in turn wholly owns subsidiaries FTS and Fox News Network, LLC. *Id.* ¶ 47. FTS is the corporate entity for New York's local affiliate WNYW or Fox5. Harmon is the News Director at Fox5. *Id.* ¶ 49.

Plaintiff alleges that her career progression at Fox5 has been undermined by Harmon, who was hired at Fox5 in 2012. *Id.* ¶ 75. Curanaj alleges that Harmon has repeatedly passed her over for a promotion to full-time anchor from "freelance reporter" in favor of younger, or "more attractive" women. *See id.* ¶¶ 76- 83, 104-05, 110-12. Harmon said he "could not risk executives at 'Sixth Avenue,'" the internal name for Fox's 1211 Avenue of the America's corporate office, "seeing Curanaj 'behind the desk even for just a minute,' because they ultimately had the final say on who could anchor, and Ms. Curanaj was not 'Sixth Avenue' anchor material." *Id.* ¶ 83. When pressed, Harmon told Curanaj that she was not "special" and "not attractive enough to be an anchor." *Id.* ¶ 84.

Plaintiff also alleges that Harmon has discriminated against her based on her nationality, *id.* ¶¶ 117-24, based on her pregnancy, *id.* ¶¶ 127-40, and based her medical condition, *id.* ¶¶ 98-101. After Curanaj put Fox5 on notice of her claims of unlawful discrimination, she alleges that they retaliated against her by cutting back the number of hours and suddenly scrutinizing her performance, creating a false paper trail to support this treatment, and intimidating other Fox5 employees from supporting her in this litigation. *Id.* ¶¶ 141-59.

2

The first twenty-two paragraphs of Plaintiff's Amended Complaint, all of which are part of the focus of the Defendants' motion to strike, focus on an alleged culture of misogyny and sexual harassment at Twenty-First Century Fox, Inc. *See generally* Am. Compl. ¶¶ 1-22. Plaintiff recites a litany of accusations that have been lodged against former Fox New Network and FTS Chief Executive Officer Roger Ailes ("Ailes"), Bill O'Reilly, the former host of *The O'Reilly Factor* on the Fox News Channel, and other Fox executives. *See id.* ¶¶ 1-5, 14-16. Plaintiff attempts to allege a link between the cases against Ailes and O'Reilly and the culture at Fox5. *Id.* ¶ 161. For example, she alleges that the "corporate culture" was Fox-wide, that policy decisions were centralized at "Sixth Avenue," and that Harmon interacted with "Sixth Avenue" on a regular basis. *Id.* ¶¶ 162-63.

## II. DISCUSSION

The Parent Companies' motion to dismiss singularly focuses on whether they qualify as Plaintiff's "employers" for the purposes of her claims. The Parent Companies contend that they are separate entities from their subsidiaries and cannot be held liable for the employment decisions made by FTS and Harmon. Memorandum of Law in Support of Motion ("Mot."), Dkt. No. 47, at 9.

To bolster their argument, the Parent Companies attach numerous exhibits to their motion. They argue that even though the documents are not integral to the Amended Complaint, the Court should consider them with this motion to dismiss because "Plaintiff was put on notice of the defects in her claims…but has failed to allege any facts showing that her employment was controlled by either of the Parent Companies." Mot. at 3, n. 2. In the alternative, the Parent Companies ask this Court to convert the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). *Id.*

### A. The Court Will Convert the Parent Companies' Motion to Dismiss, but Orders Limited Discovery Prior to Its Resolution

On a motion to dismiss, the Court may "consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference…and

3

documents possessed by or known to the plaintiff and upon which [she] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This conversion arises when a party asks the court to consider "affidavits, depositions or other extraneous documents not set forth in the complaint." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). In such a situation, a court faces a choice between excluding these materials or converting the motion into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). Courts have complete discretion in deciding between these two options. *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) (quotation marks and citation omitted). However, if the court considers the extraneous documents and converts the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Parent Companies support their motion for summary judgment with a declaration from Jean Fuentes, Senior Vice President of Human Resources at FTS, as well as a number of exhibits that purport to demonstrate how Fox5 and FTS operate largely independently of the Parent Companies. *See generally* Dkt. No. 50. Accordingly, their argument on the motion is based heavily on evidence from beyond the four corners of the Amended Complaint. *See* Mot. at 6-7 (citing to Fuentes Declaration or exhibits at every sentence). Conceding that these are not "integral" to the Amended Complaint, the Parent Companies invite the Court to convert their motion into one for summary judgment under Rule 12(d). *Id.* at 3, n.2. The Court accepts this invitation; however, it would be prejudicial to decide the motion now.

The plaintiff "is entitled to discovery of any facts within the defendants' possession that may reveal the defendants to be a single integrated enterprise." *Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233 (JG), 2011 WL 1486559, at *6 (E.D.N.Y. Apr. 19, 2011). The case, including discovery, has essentially been stayed pending the resolution of this motion, *see* Dkt. No. 26, and so "there has not yet been a reasonable opportunity for Plaintiff to 'meet the

4

proposition that there is no material fact to be tried' regarding the threshold issue." *Dias v. Cmty. Action Project, Inc.*, No. 07-CV-5163 (NGG), 2009 WL 595601, at *7 (E.D.N.Y. Mar. 6, 2009) (quoting *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir. 1999)). The Court now grants Plaintiff the opportunity to gather what facts she can to support her claim that the Parent Companies are liable as her "employer." The Court will then resolve this threshold issue promptly on an early motion for summary judgment.

### B. Motion to Strike

Additionally, the Defendants move to strike certain sections of Plaintiff's Amended Complaint, namely those sections focusing primarily on Ailes and O'Reilly, as irrelevant and prejudicial under Federal Rule of Civil Procedure 12(f). Mot. at 17-23.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." However, it is clear in the Second Circuit that motions to strike are generally disfavored. "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). It is well settled that courts should deny motions to strike material from the pleadings "unless it can be shown that no evidence in support of the allegation would be admissible." *Id.*

In light of this heightened standard, the Court declines to strike the specified allegations at this time. Defendants' belief that Plaintiff includes various stories about Ailes and O'Reilly as an "opportunistic" attempt to "attract more publicity for her own claims of employment discrimination" may well be true. Mot. at 2. Nonetheless, Plaintiff's motivations are not the central issue. The crucial question is whether the allegations have any bearing on the issues relevant to Plaintiff's claims. *See Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 64-65 (E.D.N.Y. 2011). Plaintiff argues that the various allegations she makes and stories she includes about Ailes and O'Reilly are relevant to her hostile work environment claims, *see* Am. Compl. ¶¶ 169-73, 184-201, 207-33, 240-46, 253-60, because claims of that nature "are

5

based on the cumulative effect of individual acts." Memorandum of Law in Opposition to Motion ("Opp."), Dkt. No. 54, at 19 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). Additionally, Plaintiff asserts that prior acts of discrimination are relevant to how she would establish retaliation, namely by "demonstrat[ing] that other people who have participated in protected activity have been treated adversely and similarly to plaintiffs." *Id.* at 20 (quoting *Gaffney v. Dept. of Info. Tech.*, 579 F. Supp. 2d 455, 460 (S.D.N.Y. 2008)). Specifically, information regarding the same employer's response to other complaints is relevant to a plaintiff's burden in establishing her *prima facie* case of retaliation, and in rebutting the defendants' proffered legitimate, non-retaliatory reason for its actions. *See, e.g., Ri Sau Kuen Chan v. NYU Downtown Hosp.*, No. 03-CV-3003 (CBM), 2004 WL 1886009, at *5 (S.D.N.Y. Aug. 23, 2004).

Defendants contend that these alleged prior acts are irrelevant because they are alleged to have occurred at Fox News Channel, for which Plaintiff never worked. Reply at 7-8, n.6. Nonetheless, because the court is converting the motion to dismiss to an early summary judgment motion, it is premature to conclude that this alleged conduct is completely irrelevant to Plaintiff's claims. If, after discovery, it turns out that any human resources policies, practices and decisions made at Fox5 are entirely separate and apart from other portions of the Twenty-First Century Fox empire, precluding evidence of those prior acts and striking them from the complaint may be warranted.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the Parent Companies' motion to dismiss but GRANTS the request to convert it to a summary judgment motion, which will be resolved following a period of limited discovery and briefing. Within five (5) business days of the issuance of this Order, the parties are ordered to meet and confer and submit a joint letter proposing 1) a schedule to govern a period of limited discovery regarding single or joint

6

employment theories; and 2) a briefing schedule for the Parent Companies' anticipated partial motion for summary judgment.

The Court DENIES Defendants' motion to strike without prejudice to refile following the Court's determination of the summary judgment motion.

This Order resolves Dkt. Nos. 22 and 46.

SO ORDERED.

Dated: March 22, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge